IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 89**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) ) ) | CIVIL ACTION |
| | ) | NO. |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE |
| MACDONALD CONSTRUCTION SERVICES, INC., an Illinois Corporation, | ) ) ) ) | **JUDGE ANDERSEN** **MAGISTRATE JUDGE BROWN** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, International Union of Operating Engineers, Local 150, AFL-CIO (hereinafter, "Local 150"), brings this action to enforce an arbitration award entered against Defendant MacDonald Construction Services, Inc., a corporation ("the Company"). In support Local 150 states as follows:

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor-Management Relations Act (LMRA) of 1947, 29 U.S.C. §185.

2. Local 150 is a labor organization representing employees in an industry affecting commerce within the meaning of Section 2(5), (6) and (7) of the National Labor Relations Act (NLRA), 29 U.S.C. §§152(5), (6) and (7), and Section 301 of the LMRA, 29 U.S.C. §185. Its principal offices are located at 6200 Joliet Road, Countryside, Illinois, within the geographic jurisdiction of this Court.

3. The Company is a corporation and an employer in an industry affecting commerce within the meaning of Section 2(2), (6) and (7) of the NLRA, 29 U.S.C. §§152(2), (6)

and (7) and Section 301 of the LMRA, 29 U.S.C. §185.  The Company's principal offices are located at 308 Oakleaf Road, Lake in the Hills, Illinois.

4. On or about July 10, 2006, the Company executed a "Memorandum of Agreement" with Local 150 (a true and correct copy is attached hereto as Exhibit A).

5. By its terms, the Memorandum of Agreement between the Company and Local 150 adopted the collective bargaining agreement between Local 150 and the Mid-America Regional Bargaining Association ("MARBA"), known as the Illinois Building Agreement (the "Master Agreement") then in effect, as well as any and all subsequent master agreements entered into between Local 150 and MARBA (a true and correct copy of the Master Agreement is attached hereto as Exhibit B).

6. Article II, Section 1 of the Master Agreement effective June 1, 2001 through May 31, 2007 entitled "GRIEVANCES AND ARBITRATION" states as follows (Exhibit B at 7-10):

ARTICLE XIII

> **Section 1 - Grievances and Arbitration -** For the purpose of this Agreement, the term "grievance" is any claim or dispute involving an interpretation or application of the Agreement by an employee, or an Employer, or the Union, or the Association that one or the other of the aforesaid persons or organization is violating or has violated this Agreement.

All grievances shall be filed under the provisions of this Article.

> **STEP ONE.** A grievance shall first be taken up between the Union's Business Representative assigned to the job and a designated representative of the Employer.  The Union must file the grievance within forty-five (45) days of the date of occurrence giving rise to the grievance or when the affected employee knew or reasonably should have known of the existence of the grievance.  Grievances not filed within the forty-five (45) day period are deemed waived and are not subject to being processed through this procedure.

>The above forty-five (45) day limit may be waived for violations of Article V Section 1 – Starting Time – Work Day – Lunch Period and Article V Section 2 – Show-Up Time also, Article V Section 5 – Overtime/Holidays. The liability shall be for three (3) years of the violation, verified by audit. Audit fees shall be paid for by the Company, along with a 10% penalty payable to the Union.
>
>**STEP TWO.** In the event the grievance cannot be resolved within seven (7) working days of the STEP ONE conference, it shall be reduced to writing and referred for conference and resolution by designated officials of the Union and the Contractor at a pre-grievance hearing to be held at the office of Local 150, 6200 Joliet Road, Countryside, Illinois, unless another location is mutually agreed to.
>
>**STEP THREE.** In the event the grievance cannot be resolved by STEP TWO, the written grievance shall be submitted within fifteen (15) days to the Joint Grievance Committee created in this Article.

The Union and Association have together created a Joint Grievance Committee to resolve grievances arising under this Agreement. This Committee shall consist of an equal number of members representing Employers and the Union. The Union or Association may appoint alternate members.

The Joint Grievance Committee has formulated rules of procedure to govern the conduct of its meetings and such rules for the processing of grievances as are not in conflict with this Agreement.

The Joint Grievance Committee shall have the power to resolve all grievances before it and shall have the right to examine all records of the Employers and employees as is reasonably necessary to resolve the grievance.

Where the Joint Grievance Committee, by majority vote, resolves a grievance, no appeal may be taken and such resolution shall be final and binding on all parties and individuals bound by this Agreement.

If the Joint Grievance Committee is unable to resolve a grievance by majority vote, the grievance may be submitted within thirty (30) days to a neutral arbitrator. If the Union and the Association or the Employer, as the case may be, cannot agree on an arbitrator, then an arbitrator shall be selected in accordance with the rules and procedures of the American Arbitration Association. The cost of such arbitrator shall be borne equally by both parties to the arbitration; and the decision of the arbitrator shall be final and binding on all parties and individuals bound by this Agreement.

The time limits provided in this Section may be extended by mutual written consent of the Union, the Association and/or the Employer.

Neither the Joint Grievance Committee nor an arbitrator shall have any authority to add to, detract from, or in any way alter the provisions of this Agreement or make a new Agreement.

Decision of the Joint Grievance Committee and Arbitration Awards shall be complied with within seven (7) days of receipt of the decision by the losing party. A party which fails to comply with the seven (7) day period shall be required to pay an additional ten (10%) percent of all amounts owed as liquidated damages for failure to comply with the decision or award. In the event the prevailing party is required to file suit to enforce the decision or award, and it prevails, it shall be entitled to recover its costs, including attorneys' fees, from the losing party.

There shall be no lockout by an Employer during the term of this Agreement.

Except as provided in Article II, Section 3 and 4 of this Agreement, there shall be no strikes or work stoppages by the Union during the term of this Agreement.

7.  On or about August 27, 2006, a dispute arose between Local 150 and the Company under the terms of the Master Agreement. Local 150 alleged that the Company had failed to pay Local 150 member Bryan Banbury ("Banbury") for all hours worked and failed to pay Banbury the appropriate severance pay as set forth in the Master Agreement in violation of Article V Section 1 (Starting Time – Work Day – Lunch Period) and Article V Section 6 (Severance Pay). The parties attempted to resolve the dispute at a Step One conference pursuant to the Master Agreement but were unable to do so.

8.  Pursuant to Step Two of the Master Agreement, on October 11, 2006, Local 150 reduced the grievance against the Company to writing and sought to set up a meeting whereby it could be resolved (a true and correct copy is attached hereto as Exhibit C). The parties were unable to resolve the dispute at the Step Two proceeding. Consequently, pursuant to Step Three of the contractual grievance procedure, Local 150 submitted the grievance against the Company to the Joint Grievance Committee (hereinafter referred to as the "JGC").

9.  On January 10, 2007, the JGC conducted a hearing into the grievance brought by Local 150 against the Company. (A true and correct copy of the hearing notice is attached hereto

as Exhibit D). Based upon the evidence presented at the hearing, the JGC awarded Banbury $1,075.90 in lost wages and $685.29 in lost benefits.

10. By letter dated January 11, 2007, the JGC informed the Company of its decision and award (a true and correct copy is attached hereto as Exhibit E). Despite repeated demands by Local 150, the Company has failed and refused to comply with the JGC award.

11. The Company failed to comply with the JGC award within seven (7) days. Therefore, pursuant to Step Three of the contractual grievance procedure, the Company is required to pay an additional ten (10%) percent of all amounts owed as liquidated damages for its failure to comply with the decision or award.

12. In addition, the Company must, pursuant to the Master Agreement, pay the attorney's fees and costs of Local 150 incurred due to the necessity of pursuing this action.

WHEREFORE, Local 150 prays that the Court enter an order:

A. Enforcing the JGC award finding the Company in violation of the Master Agreement;

B. Compelling the Company to pay a total of $1,937.31 for violations of the Master Agreement, representing:

  i. Payment to Mr. Banbury totaling **$1,183.49** ($1,075.90 representing lost wages and $107.59 representing 10% liquidated damages); and

  ii. Payment to the Midwest Operating Engineers Benefit Fund totaling **$753.82** (representing $685.29 in lost benefits and $68.53 representing 10% liquidated damages);

C. Awarding Local 150 its costs and attorneys' fees for this action; and

D.   Awarding such other relief as the Court deems just and proper.

Dated: January 4, 2008                    Respectfully submitted,

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 150, AFL-CIO,

By:   s/Melissa L. Binetti
       Attorneys for the Plaintiff

Name and Address of Attorneys for the Plaintiff:

Dale D. Pierson
Elizabeth A. LaRose
Melissa L. Binetti
Lauren S. Shapiro
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
(708) 579-6663
(708) 588-1647 - facsimile

\\Server\data\AE\MacDonald Construction Services, Inc\Pleadings\Complaint.doc